UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LEVI MARTINEZ,<br><br>    Petitioner,<br><br> v.<br><br>STATE OF IDAHO,<br><br>    Respondent. | Case No. 1:19-cv-00237-CWD<br><br>**INITIAL REVIEW ORDER** |

Petitioner Levi Martinez has filed a Petition for Writ of Habeas Corpus challenging Petitioner's state court convictions. (Dkt. 3.) The Court now reviews the Petition to determine whether it is subject to summary dismissal pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules").

## REVIEW OF PETITION

### 1. Standard of Law for Review of Petition

Federal habeas corpus relief under 28 U.S.C. § 2254 is available to petitioners who show that they are held in custody under a state court judgment and that such custody violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). The Court is required to review a habeas corpus petition upon receipt to determine whether it is subject to summary dismissal. Habeas Rule 4. Summary dismissal is appropriate where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.*

**INITIAL REVIEW ORDER - 1**

2. **Background**

In 1983, Petitioner was convicted of four unidentified criminal charges and sentenced to imprisonment for two consecutive 30-year terms, followed by a consecutive 15-year term, providing for a total fixed term of 15 years; Petitioner also received a concurrent term of 25 years. (Dkt. 3 at 1-2.) Petitioner pursued a direct appeal as well as state post-conviction remedies. (*Id*. at 2-4.)

In the instant Petition for Writ of Habeas Corpus, Petitioner brings four claims. He invokes the Sixth, Eighth, and Fourteenth Amendments, as well as federal sentencing statutes.

3. **Discussion**

The Petition appears to be subject to summary dismissal for the following reasons. Petitioner may respond to this Order within 28 days, setting forth any reason why he believes his Petition is not subject to dismissal.[1]

A. *Claims 1, 2, and 4 Are Noncognizable*

In Claims 1 and 4, Petitioner relies on an affidavit from the victim's mother, who allegedly has a power of attorney with respect to the victim. (Dkt. 3 at 6, 9.) The affidavit purports to "Drop All Charges" against Petitioner and to recant the affiant's testimony; the affidavit also requests that Petitioner be released. (Dkt. 3-1 at 1.)

Although it is not entirely clear, Claims 1 and 4 appear to assert actual innocence. Such a claim is not cognizable—meaning that it is not a basis for relief and thus cannot

---

[1] Additionally, Petitioner must identify the crimes of which he was convicted and set forth the factual basis of each of his habeas claims.

**INITIAL REVIEW ORDER - 2**

be heard—on federal habeas review in a noncapital case. *Herrera v. Collins*, 506 U.S. 390, 404 (1993) ("[A] claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits."); *see also Cavanaugh v. Ellis*, No. 1:13-CV-00295-CWD, 2014 WL 2208272, at *5 (D. Idaho May 28, 2014) (unpublished) ("[I]n a noncapital case, a claim of actual innocence is not cognizable on collateral review in a federal habeas corpus action."). However, as explained below, actual innocence *can* be used to overcome a procedural bar, which would allow a separate, independent constitutional claim to be considered on the merits.

Claim 2 alleges that Petitioner's sentences are improperly "multi-structured" and asserts a right to relief under statutes applicable to federal criminal proceedings. (Dkt. 3 at 7.) This claim is not cognizable because Petitioner is not in custody pursuant to a *federal* criminal judgment. Because Petitioner is serving a sentence pursuant a *state court* judgment, the federal sentencing statutes do not apply.

Thus, Claims 1, 2, and 4 appear to be subject to summary dismissal.

B.     *Claim 3 Is Not Ripe*

Claim 3 asserts that Petitioner is entitled to ten years' credit for time served. Petitioner claims that (1) he has served the full terms for three of the four counts of which he was convicted, (2) he has "work credit history," and (3) he has "earned sentenced reducation [sic] credit." (*Id.* at 8.)

But Petitioner acknowledges that he has not fully served his term of imprisonment for the fourth conviction. Further, Petitioner was sentenced to a fixed term of 75 years,

**INITIAL REVIEW ORDER - 3**

which is more than twice the amount of time Petitioner has served to date. A claim that a prisoner is being held past his full-term release date cannot be brought before that alleged release date. *See James v. Walsh,* 308 F.3d 162, 168 (2d Cir. 2002) ("In the present case, James's ... petition alleged the incorrect application of credit for time served and a miscalculation of the conditional release date. James could not have argued that he was in custody in violation of laws of the United States before the time when, according to his calculations, he should have been released.") As a result, Claim 3 appears to be unripe.

    C.    **The Petition May Be Untimely**

Given that Petitioner was convicted in 1983, it is likely that the one-year statute of limitations expired long ago.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires a petitioner to seek federal habeas corpus relief within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). However, because Petitioner's conviction became final before AEDPA's enactment, Petitioner "had a one-year grace period in which to file [his] petition[]." *Patterson v. Stewart*, 251 F.3d 1243, 1245 (9th Cir. 2001). That is, a petition challenging Petitioner's conviction should have been filed on or before April 24, 1997. *Id*. at 1246. Thus, Petitioner's 2019 habeas petition appears time-barred.

The one-year statute of limitations can be tolled (or suspended) under certain circumstances. AEDPA provides for tolling of "[t]he time during which a properly filed application for State post-conviction or other collateral review ... is pending." 28 U.S.C.

**INITIAL REVIEW ORDER - 4**

§ 2244(d)(2). Thus, to the extent that a petitioner properly filed an application for post-conviction relief or other collateral challenge in state court, the one-year federal limitations period stops running on the filing date of the state court action and resumes when the action is completed. The limitations period can also be equitably tolled under exceptional circumstances. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted).

Moreover, AEDPA's statute of limitations is subject to an actual innocence exception, and a petitioner who meets this exception may have otherwise time-barred claims heard on the merits. *McQuiggin v. Perkins*, 569 U.S. 383, 392–93 (2013); *Lee v. Lampert*, 653 F.3d 929, 937 (9th Cir. 2011) (en banc). Actual innocence in this context means "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 624 (1998). If a petitioner brings forward new evidence not presented at trial which tends to show his innocence, the Court can hear the claim only if, "in light of the new evidence, no juror, acting reasonably, would have voted to find [the defendant] guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 329 (1995). Stated another way, the petitioner must show that *every* reasonable juror would vote to acquit.

Although Petitioner appears to claim that he is actually innocent, the Court does not find that the affidavit—signed by the victim's mother and not by the victim—is reliable evidence of Petitioner's innocence. The document does not identify what testimony the affiant intended to recant. The affiant seeks Petitioner's release but,

**INITIAL REVIEW ORDER - 5**

notably, does *not* claim that Petitioner is innocent of the crimes of which he was convicted. (Dkt. 3-1.) And even if Petitioner could show actual innocence, he still has not set forth a ripe, cognizable claim to which the actual-innocence exception might apply.

### APPLICATION TO PROCEED IN FORMA PAUPERIS

Petitioner has requested in forma pauperis status. Good cause appearing, Petitioner's Application will be granted, which allows Petitioner to pay the filing fee when and as Petitioner can afford to do so, rather than at the time of filing.

### ORDER

**IT IS ORDERED:**

1. Petitioner's Application to Proceed in Forma Pauperis (Dkt. 1) is GRANTED. Petitioner must pay the $5.00 filing fee when Petitioner next receives enough funds in Petitioner's prison trust account.

2. Petitioner's request for appointment of counsel (contained in the Petition) is DENIED without prejudice.

3. Petitioner may file a response to this Order **within 28 days**, addressing the above analysis and explaining why Petitioner believes the Petition is not subject to summary dismissal.

DATED: July 29, 2019

_____
Honorable Candy W. Dale
United States Magistrate Judge

**INITIAL REVIEW ORDER - 6**